ALFREDA JOOST SALISBURY *vs.* PHILIP M. VADENAIS.

MAY 23, 1958.

PRESENT: Condon, C. J., Roberts, Andrews, Paolino and Powers, JJ.

Powers, J. This is an action of trespass on the case for negligence to recover damages for injuries sustained when the plaintiff fell down certain steps of a tenement house owned by the defendant at 83 Althea street in the city of Providence. Trial was held before a justice of the superior court sitting with a jury and resulted in a directed verdict for the defendant. The case is before us on the plaintiff's bill of exceptions to the granting of the defendant's motion for a directed verdict and to certain evidentiary rulings.

The plaintiff's declaration, which originally contained one count but was duly amended to add a count for negligence sounding in nuisance, describes the premises and the relationship of the parties, and after general information alleges: "But unmindful of his duty, defendant negligently suffered and permitted one of said stairways to be in a dangerous and unsafe condition in this: That a certain stair-

way kept and maintained by the defendant which led to and from the tenement was in a dangerous and unsafe condition by reason of the uneven height of the risers and on account of said dangerous and unsafe condition, plaintiff, while then and there descending said stairway for the purpose of egress, as by law she had a right to do, and while using due care, and caution for her safety and being at all times in the exercise of due care, caught her foot upon said stairway and tripped, stumbled and lost her footing and fell and was violently thrown to the bottom of the stairs * * *." And further that she "then and there necessarily and unavoidably tripped, stumbled and lost her footing and fell and was violently thrown to the bottom of the stairs."

At the commencement of her action plaintiff was a widow, but she subsequently remarried and is now Alfreda Joost Salisbury.

It appears that on December 19, 1951 plaintiff left her second-floor tenement, which she had occupied for seven or eight years prior thereto. She descended a flight of stairs to a hallway on the first floor, opened a door leading to the outside of the premises, and started down four cement steps leading to the ground. These steps were not uniform in height, being 13½, 7, 8 and 10 inches respectively, beginning with the first step down.

The plaintiff testified: "And I just came onto the first floor and I was going out to the first step, that is, from the threshhold out to the first step. I went to step out. I can't say that anything made me fall over anything. I just went to step out from the threshhold to the first stair and my foot didn't quite hit the stair and I tumbled over and when I did I don't know just what happened for about two or three minutes." As a result of the fall she sustained an aggravated injury to her left ankle putting her to expense and causing pain and suffering.

The plaintiff alleges in her declaration that the mishap occurred because of the uneven height of the risers; that

the condition was known to defendant and was suffered to be maintained by him, which fact constituted negligence on his part; and that she was in the exercise of due care. She further alleges in the second count of her amended declaration that she "necessarily and unavoidably tripped, stumbled and lost her footing and fell and was violently thrown to the bottom of the stairs." The stairs herein mentioned are the four outside steps and nowhere in the declaration does she refer to the character of the inside stairs from which she descended to the first-floor level.

During the questioning of plaintiff her counsel asked the following: "On the stairway leading up to the second floor were the risers in that stairway of approximately uniform height?" Counsel for defendant objected on the grounds that the inside stairs were not the ones complained of in plaintiff's declaration and that the question was irrelevant and immaterial. The court sustained the objection and plaintiff duly excepted.

Counsel for plaintiff in his brief and oral argument contends that the testimony if permitted would have brought out the fact that the risers of the inside stairs were of uniform height and that by reason thereof plaintiff was "lulled into a sense of security" when attempting to descend the first step of the outside stairs and was taken by surprise, as it were, resulting in the loss of her footing.

We cannot agree that the trial justice was in error when he sustained defendant's objection. The plaintiff did not allege in her declaration that the height or uniformity of the risers of the inside stairs was a contributing factor to the accident and any evidence offered thereon would have been improper. Not having pleaded it in her declaration, she cannot complain that she was not permitted to answer a question relating to a condition not in issue. Indeed in her declaration plaintiff specifically limits her complaint to one set of stairs.

In *Kelly* v. *Davis*, 48 R. I. 94, this court stated at page 97: "In an action for negligence the declaration must allege the facts which are the basis of defendant's supposed duty to plaintiff and the breach of such duty. * * * The defendant is entitled to receive fair notice by the declaration of the claim he is required to defend."

The refusal of the trial justice in the instant case to admit the question was proper, and the exception thereto is overruled.

James H. Montague, who qualified as an architect, testified for plaintiff that the building code for the city of Providence and other cities with which he was familiar as well as the National Building Code require "that the height of risers shall not change except if a landing of four feet is introduced into the rung of the stairs" and that "The reason for requiring risers to be the same height is safety and the comfort of negotiating the stairs."

The plaintiff is required to prove the negligence of defendant; that this negligence was the proximate cause of her injury; and that she was in the exercise of due care. The only competent evidence offered to prove the negligence of defendant was that he failed to correct the lack of uniformity in the height of the risers although plaintiff had on at least ten occasions, over a period of seven or eight years, protested to defendant about their condition, and that the variation in height of the risers was a violation of Providence Building Code. Considering the evidence, including the testimony of Montague, in the light most favorable to plaintiff as to the negligence of defendant, we are of the opinion that if negligence or a nuisance did exist she nevertheless failed to furnish any evidence from which a jury could find that her fall resulted therefrom and that the condition of the stairway was the proximate cause of her injuries. It could not be found by them that the variation in height of the risers contributed to her fall, because

it was with the first step she took that the accident occurred.

The plaintiff's allegation in her declaration that by reason of the lack of uniformity in the risers of the outside steps she "necessarily and unavoidably tripped, stumbled and lost her footing and fell and was violently thrown to the bottom of the stairs" is not substantiated by the evidence. Indeed she concedes that these steps were in no different condition than they had been for the previous seven or eight years during which time she had traversed them without incident on numerous occasions. The only reasonable inference which a jury could have drawn from her testimony would tend to support the presumption that her familiarity with the steps was such that it was her carelessness and not the condition of the steps which caused her to stumble and fall.

In *Wyzga v. David Harley Co.*, 60 R. I. 480, the plaintiff slipped and fell while descending a flight of stairs in the defendant's store. She testified that on the day of the accident she did not notice the stairway particularly; that a short time prior thereto she had ascended these stairs; that she had frequently purchased articles in the defendant's store and had used this stairway; that she noticed no change in the condition of the stairs on that day from what had been their condition previously when she had been in the store; and that the stairway was the same as it had been before. In that case the court, at page 482, stated: "It was incumbent upon the plaintiff to present legal evidence, either direct or from which reasonable inferences could be drawn, sufficient to raise questions of fact for the jury to determine; first, as to whether or not the floor and stairway in question, as maintained by the defendant, were in a dangerous condition; and second, whether or not such condition was the proximate cause of the plaintiff's fall. In our judgment, the evidence submitted by the plaintiff fails to meet this standard."

We are of the opinion that the evidence in the instant case is not unlike that in the *Wyzga* case, *supra*. In the light of such evidence the trial justice correctly found that there was nothing from which a jury might reasonably infer that the injuries to the plaintiff were the direct result of the defendant's negligence or of a nuisance created by him.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*Edmund J. Carberry, Jr.,* for plaintiff.

*Sherwood & Clifford, Kirk Hanson, William A. Curran,* for defendant.